ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **DISTRIBUIDORA LANZAMIENTOS S.L. Y OTROS** <br> DEMANDANTE(S)-PETICIONARIA(S) <br><br> V. <br><br> **DISTRIBUCIÓN INTEGRATED SERVICES, LLC Y OTROS** <br> DEMANDADA(S)-RECURRIDA(S) | **KLCE202301387** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** <br><br> Caso Núm. **SJ2019CV10176 (505)** <br><br> Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 12 de enero de 2024.

Comparecen ante este Tribunal de Apelaciones, **DISTRIBUIDORA LANZAMIENTOS S.L. Y OTROS** (**DISTRIBUIDORA LANZAMIENTOS**) mediante *Petición de Certiorari* incoada el 8 de diciembre de 2023. En su escrito, nos solicitan que revisemos la *Orden* decretada el 17 de marzo de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En la aludida *Orden*, el foro primario dispuso: "[s]e da por sometido este asunto para la consideración del Tribunal".

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 25 de septiembre de 2019, **DISTRIBUIDORA LANZAMIENTOS** instó una *Demanda sobre Sentencia Declaratoria, Incumplimiento Contractual y Cobro de Dinero*.[2] En su reclamación, entre otras cosas, adujo que el 17 de marzo de

---

[1] Este dictamen judicial fue notificado y archivado en autos el 17 de marzo de 2023. Véase Apéndice de la *Petición de Certiorari*, pág. 110.
[2] *Íd.*, págs. 1- 21.

Número Identificador:
SEN2024_____

2009, las partes suscribieron un contrato de distribución; el término del contrato era diez (10) años y establecieron que la Ley aplicable será del Gobierno de Puerto Rico (Estado Libre Asociado de Puerto Rico); **DISTRIBUCIÓN INTEGRATED SERVICES, LLC Y OTROS (DISTRIBUCIÓN INTEGRATED)** tenía la obligación de pagar el costo de todas las publicaciones y recibiría un crédito a su favor por cada ejemplar no vendido; **DISTRIBUCIÓN INTEGRATED** incumplió al dejar de efectuar los pagos a partir del mes de septiembre de 2017; y la deuda a septiembre de 2019, se estimó en la suma de $509,991.23. El 12 de diciembre de 2019, se presentó *Demanda Enmendada sobre Sentencia Declaratoria, Incumplimiento Contractual, Cobro de Dinero y Daños y Perjuicios*.[3]

El 14 de julio de 2020, **DISTRIBUCIÓN INTEGRATED** presentó su *Contestación a Demanda Enmendada* incluyendo sus defensas afirmativas.[4]

Luego de varios incidentes procesales, el 17 de junio de 2021, **DISTRIBUIDORA LANZAMIENTOS** presentó una *Solicitud de Sentencia Sumaria Parcial*.[5] El 12 de octubre de 2022, **DISTRIBUCIÓN INTEGRATED** presentó su *Oposición a la Moción en Solicitud de Sentencia Sumaria Parcial*.[6] Ante esta situación, el 17 de marzo de 2023, el tribunal recurrido expidió *Orden* expresando: "Se da por sometida este asunto para la consideración del Tribunal".[7]

Posteriormente, el 21 de julio de 2023, **DISTRIBUIDORA LANZAMIENTOS** presentó su *Moción Solicitando que se Resuelva Solicitud de Sentencia Sumaria*.[8] En consecuencia, el 29 de agosto de 2023, el foro de instancia concluyó: "Enterado. El asunto se encuentra en turno ya para ser atendido

---

[3] Véase Apéndice de la *Petición de Certiorari*, págs. 22- 44.
[4] *Íd.*, págs. 45- 51.
[5] *Íd.*, págs. 54- 73. Dicho petitorio está acompañado de copia del(de los) siguiente(s) documento(s): *Contestaciones a Pliego de Interrogatorio, Requerimiento de Producción de Documentos y Requerimiento de Admisiones* suscrito por **DISTRIBUCIÓN INTEGRATED;**
[6] *Íd.*, págs. 74- 109. Este documento está acompañado de copia del(de los) siguiente(s) documento(s): A/P Aged Payables by Due Date desde 31 de diciembre de 2016 hasta 15 de abril de 2018; Correo electrónico de 20 de febrero de 2018 suscrito por el señor Heiko Faass; Deposición del señor Heiko Faass; Correo electrónico de 24 de mayo de 2022 suscrito por el señor Heiko Faass; y *Declaración Jurada* suscrita el 12 de octubre de 2022 por el señor Heiko Faass.
[7] *Íd.*, pág. 110.
[8] *Íd.*, págs. 112-113.

por el Tribunal próximamente".[9]

Después, el 8 de noviembre de 2023, **DISTRIBUIDORA LANZAMIENTOS** presentó una *Segunda Moción Solicitando que se Resuelva Solicitud de Sentencia Sumaria Basada en el Reconocimiento de Deuda del Deudor*.[10]

Inconforme, el 8 de diciembre de 2023, **DISTRIBUIDORA LANZAMIENTOS** acudió ante este Tribunal de Apelaciones mediante su *Petición de Certiorari*. En su recurso, señala el(los) siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia al no resolver la sencilla Moción de Sentencia Sumaria Parcial presentada por la parte demandante-recurrente desde el 17 de junio de 2021, y al disponer que la misma "se encuentra en turno para ser atendida próximamente", a pesar de haber transcurrido muy en exceso los noventa (90) días que dispone la Regla 70 de Procedimiento Civil para resolver tales mociones.

El 11 de diciembre de 2023, ante este tribunal revisor, **DISTRIBUIDORA LANZAMIENTOS** presentó una *Moción Informativa sobre Academicidad de Recurso* aduciendo que en esa misma fecha el foro primario dictaminó *Resolución* en la cual se denegó la *Solicitud de Sentencia Sumaria Parcial* y ordenó la continuación de los procedimientos.[11]

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y dadas las particularidades del presente caso, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s) a los fines de adjudicar.

### - II -

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[12] En

---

[9] Véase Apéndice de la *Petición de Certiorari*, pág. 114.
[10] *Íd.*, págs. 116- 118.
[11] Véase entrada 136 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[12] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Payano v. SLG Cruz Pagán,* 209 DPR 876, 889 (2022) (Sentencia)*; Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385- 386 (2020).

consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[13]

Los tribunales deben ser celosos guardianes de su *jurisdicción*.[14] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[15]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[16]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[17]

---

[13] *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 385.
[14] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).
[15] *FCPR v. ELA et al.*, supra; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387.
[16] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101-102 (2020).
[17] *Allied Mgmt. Group v. Oriental Bank, supra*; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019).

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[18] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[19]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[20] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[21]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[22]

La Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones prescribe en lo pertinente que: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: [ ]...(5) que el recurso se ha convertido en académico".[23] Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del

---

[18] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[19] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.
[20] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).
[21] *Íd.*
[22] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[23] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[24] Ello sin entrar en los méritos de la controversia ante sí.

- III -

En el caso de marras, el 11 de diciembre de 2023, el tribunal de primera instancia pronunció *Resolución* denegando la *Solicitud de Sentencia Sumaria Parcial* y ordenando la continuación de los procedimientos.

Hemos evaluado nuestro legajo, así como el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) y surge que el pasado 11 de diciembre, se concretó la antedicha *Resolución*. Por ende, colegimos que los hechos medulares han cambiado, toda vez que, la petición sobre sentencia sumaria parcial de **DISTRIBUIDORA LANZAMIENTOS** ha sido atendida. Ante la ausencia de una controversia genuina entre las partes, entendemos que el recurso de *Petición de Certiorari* se ha tornado *académica*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por academicidad, la *Petición de Certiorari* entablada el 8 de diciembre de 2023 por **DISTRIBUIDORA LANZAMIENTOS**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] *Allied Mgmt Group v. Oriental Bank*, *supra*, pág. 385.